United States District Court
District of Connecticut
FILED AT  NEW HAVEN
6/17 2020
Robin D. Tabora, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-19-1

UNITED STATES OF AMERICA

v.

ANATOLY BRAYLOVSKY and
JENNIFER BOUSQUET

CRIMINAL NO. 3:20cr94 KAD-RMS

VIOLATIONS:
21 U.S.C. § 846
(Conspiracy to possess with the intent to distribute and to distribute oxycodone)

21 U.S.C. §§ 841(a) and 841 (b)(1)(C)
(Possession with intent to distribute and distribution of oxycodone)

18 U.S.C. § 1347
(Health care fraud)

## INDICTMENT

The Grand Jury charges:

### Background

At all times relevant to this Indictment:

1. Defendant ANATOLY BRAYLOVSKY ("BRAYLOVSKY") resided in Wallingford, Connecticut. BRAYLOVSKY was licensed by the State of Connecticut as a "physician/surgeon," registered as a Controlled Substance Practitioner by the State of Connecticut Department of Consumer Protection, Drug Control Division, and registered with the United States Drug Enforcement Administration to prescribe Schedule II through V controlled substances.

2. Family Practice of Greater New Haven, LLC was a medical practice that was registered with the Connecticut Secretary of State on June 5, 2006. BRAYLOVSKY was the only member of the practice.

3. Defendant JENNIFER BOUSQUET ("BOUSQUET") resided in Wallingford, Connecticut. At no time was BOUSQUET a medical practitioner, nor was she authorized to prescribe controlled substances. BOUSQUET sold pills that BRAYLOVSKY prescribed to her.

4. The Connecticut Medicaid program ("Medicaid") was a health care benefit program, as defined under Title 18, United States Code, Section 24(b), which provided medical benefits, items, and services to Medicaid clients in Connecticut. In Connecticut, Medicaid was administered by the State of Connecticut's Department of Social Services and was jointly funded by the State of Connecticut and the federal government.

## COUNT ONE
(BRAYLOVSKY and BOUSQUET)
(Conspiracy to possess with intent to distribute and to distribute oxycodone)

5. Paragraphs 1 through 4 are incorporated by reference.

6. From in or about January 2016 through in or about June 2020, defendants ANATOLY BRAYLOVSKY and JENNIFER BOUSQUET knowingly conspired together and with one another, and with others known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, a controlled substance, namely a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose.

7. The purpose of the conspiracy was for BRAYLOVSKY, BOUSQUET, and others known and unknown to the Grand Jury, to enrich themselves through the sale of oxycodone pills obtained by filling illegitimate prescriptions written by BRAYLOVSKY, including to BOUSQUET among other co-conspirators, outside of the scope of professional practice and not for a legitimate medical purpose.

## Manner and Means of the Conspiracy

8. The manner and means by which BRAYLOVSKY and BOUSQUET, and others known and unknown to the Grand Jury, sought to accomplish and did accomplish the purpose of the conspiracy included, among others, the following:

9. BRAYLOVSKY conducted unnecessary medical appointments at his office, Family Practice of Greater New Haven, LLC, with co-conspirators, including BOUSQUET, during which time BRAYLOVSKY practiced little or no medicine.

10. During these medically unnecessary appointments with co-conspirators, including BOUSQUET, BRAYLOVSKY wrote and provided the co-conspirator with a prescription for controlled substances, including oxycodone, outside the scope of professional practice and not for a legitimate medical purpose.

11. BRAYLOVSKY charged Medicaid and other health care benefit programs for these medically unnecessary appointments at which little or no medicine was practiced.

12. Co-conspirators, including BOUSQUET, filled the illegitimate prescriptions from BRAYLOVSKY at various pharmacies, which, in turn, charged Medicaid and other health care benefit programs for the prescription pills.

13. In exchange for these illegitimate prescriptions, co-conspirators, including BOUSQUET, either paid cash to BRAYLOVSKY or remitted a portion of the prescribed pills to BRAYLOVSKY.

14. Co-conspirators, including BOUSQUET typically sold some or all of the prescription pills not given to BRAYLOVSKY.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
## (BRAYLOVSKY)
(Possession with intent to distribute and distribution of oxycodone)

15. Paragraphs 1 through 14 are incorporated by reference.

16. On or about December 17, 2019, in the District of Connecticut, defendant ANATOLY BRAYLOVSKY knowingly and intentionally possessed with intent to distribute, and did distribute, a controlled substance, namely a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
## (BOUSQUET)
(Possession with intent to distribute and distribution of oxycodone)

17. Paragraphs 1 through 14 are incorporated by reference.

18. On or about December 17, 2018, in the District of Connecticut, defendant JENNIFER BOUSQUET knowingly and intentionally possessed with intent to distribute, and did distribute, a controlled substance, namely a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNTS FOUR AND FIVE
### (BRAYLOVSKY)
### (Health care fraud)

19. Paragraphs 1 through 14 are incorporated by reference.

20. From in or about January 2016 and continuing through in or about April 2020, in the District of Connecticut and elsewhere, defendant ANATOLY BRAYLOVSKY, knowingly and with the specific intent to defraud, executed and attempted to execute a scheme and artifice to defraud Medicaid and other health care benefit programs as defined under Title 18, United States Code, Section 24(b), and to obtain by means of materially false and fraudulent pretenses, representations, and promises money and property owned by and under the custody and control of such health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services; that is, BRAYLOVSKY submitted and caused to be submitted to health care benefit programs: (1) claims for patient visits that misstated the level of medicine (if any) that was practiced; (2) claims for prescriptions he wrote that were outside the scope of professional practice and not for a legitimate medical purpose; and (3) claims for other services BRAYLOVSKY and his office did not render.

21. On or about December 17, 2019, in the District of Connecticut, in order to execute the scheme and artifice to defraud, BRAYLOVSKY submitted and caused to be submitted to Medicaid the following materially false and fraudulent charges:

| Count | Patient | Claim | Amount |
| --- | --- | --- | --- |
| 4 | J.B. | Patient Visit | $110.00 |
| 5 | J.B. | Oxycodone Prescription | $247.29 |

All in violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION
(Controlled substance offense)

22. Upon conviction of one or more of the controlled substance offenses alleged in this Indictment, the defendants BRAYLOVSKY and BOUSQUET shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violation and a sum of money equal to the total amount of proceeds obtained as a result of the offense.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

_____
JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY